**PORTER, Price Administrator, v. KEYES.**
**Civil Action No. 674.**

District Court, D. Minnesota, Fifth Division.
June 27, 1946.

Alex Dim, Enforcement Atty., Office of Price Administration, of St. Paul, Minn., for plaintiff.

Thorwald Hansen, of Duluth, Minn., for defendant.

DONOVAN, District Judge.

Plaintiff commenced action pursuant to Section 205(a) of the Emergency Price Control Act, 56 Stat. 23, as amended, 50 U.S.C.A.Appendix, § 901 et seq., to enjoin violations by the defendant of Section 4(a) of said Act.

The matter is not at issue, no answer having been filed as yet. Plaintiff has moved for a preliminary injunction to enjoin defendant · from continuing violation of the Act during the pendency of the above action.

The moving papers and the supporting affidavits disclose that on or about March 14, 1946, defendant filed incorrect information in connection with dwellings he was renting at International Falls, Minnesota.

It appears that during all the times herein defendant was a "Landlord" as defined by Section 13(a) (8) of the Rent Regulation for Housing, which plaintiff issued, as permitted by said Act. It also appears that Section 7(a) of the said Rent Regulation for Housing required defendant to "file in triplicate a written statement" containing information called for therein and as requested by plaintiff.

In furnishing plaintiff with information requested in said statement, defendant answered plaintiff's questions literally, using the maximum rent date as of July 1, 1945. This was the date plaintiff had indicated for that area, in which was included the City of International Falls. Inasmuch as defendant had been furnishing heat to his tenants during the occupancy of the dwellings here in question, plaintiff contends that in furnishing information relative to "Equipment and Services" defend-

ant should state in effect that heat and similar services rendered during the winter months should, for all purposes, control, and that defendant should answer that he was furnishing such equipment and services as of the date he executed said statement. Defendant contends that if he answered the questions other than in the manner he did he would be required to state that heat and light service was rendered to his tenants on July 1, 1945, whereas actually such was not the fact.

The supporting affidavits make clear that defendant had full information as to what plaintiff required. Defendant is an experienced landlord, who has been operating a very large rental business at International Falls, Minnesota. Plaintiff discussed the matter here at issue quite fully with the defendant on or about March 14, 1946, and there is nothing in the files contradicting plaintiff's claim that defendant's registrations were incorrect in that under the "services" column in said statement furnished by defendant he had checked "No" with reference to his supplying heat or heating fuel, "when it was well known and a fact that said Keyes did supply heat or heating fuel as part of the Maximum Rent on July 1, 1945."

It also appears from the supporting affidavits that defendant indicated to plaintiff that he would correct the statement so as to correspond to plaintiff's requirements.

The foregoing is sufficient for the purpose of stating the controlling facts in the motion now before the Court.

The Court is of the opinion that plaintiff may require the filing of appropriate statements furnishing information as here called for by plaintiff. Bowles v. Warner Holding Co., D.C., 60 F.Supp. 513. While the exact point we are here concerned with was not dealt with in the case last cited, Judge Joyce sufficiently indicated therein that a problem arising such as here presented invokes the discretion of the trial court consistent with historic equity practice, and the Court may require the defendant to furnish plaintiff with the information herein called for.

Following the service and filing of the answer by defendant and the trial of the issues, a different conclusion than that here reached may be warranted, but for present purposes, a preliminary injunction may issue as prayed for by the plaintiff.

An exception is allowed the defendant.